IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-213

 No. COA20-382

 Filed 18 May 2021

 Pender County, No. 19 CVS 0046

 CHRISTOPHER D. MURRAY, Plaintiff,

 v.

 DEERFIELD MOBILE HOME PARK, LLC and DONALD W. LEWIS, Defendants.

 Appeal by plaintiff and cross-appeal by defendants from order entered 13

 November 2019 by Judge Andrew T. Heath in Pender County Superior Court. Heard

 in the Court of Appeals 14 April 2021.

 Hatch, Little & Bunn, L.L.P., by Justin R. Apple and David M. Yopp, for
 plaintiff-appellant/cross-appellee.

 Reiss & Nutt, PLLC, by W. Cory Reiss, for defendant-appellees/cross-
 appellants.

 TYSON, Judge.

¶1 Christopher D. Murray (“Plaintiff”) appeals from an order entered granting

 Deerfield Mobile Home Park, LLC (“Deerfield”) and Donald W. Lewis’ (“Defendant”)

 (collectively “Defendants”) motion for summary judgment under North Carolina Rule

 of Civil Procedure 56. Defendants’ cross-appeal asserts the trial court erred in

 granting Plaintiff’s motion for summary judgment on Defendants’ claims under North

 Carolina Rule of Civil Procedure 56. We affirm the trial court’s orders.
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 I. Background

 A. Defendants’ Properties

¶2 Defendant and wife, Norean G. Lewis, purchased 7.09 acres of land in Pender

 County as tenants by the entirety in April 1978. These 7.09 acres are located at 12165

 U.S. Highway 117 South. The Lewises moved into a house on the 7.09-acre parcel in

 1983. Defendant began leasing mobile homes located on the parcel in 1984.

¶3 In 2005, Defendant formed Deerfield Mobile Home Park, LLC as a single-

 member North Carolina limited liability company to operate the mobile home park.

 Deerfield’s operating agreement lists Donald Lewis as its sole member and manager.

 The Lewises subdivided the original 7.09 acres into two separate parcels.

¶4 The subdivision of the 7.09 acres was completed pursuant to a plat map and

 deed recorded in the Pender County Registry on 24 February 2006. The new parcels

 were a 5.355-acre parcel containing the Deerfield Mobile Home Park and the 1.721

 acres containing the Lewises’ home.

¶5 In 2006, the Lewises conveyed the 5.355 acres containing the Deerfield Mobile

 Home Park to Deerfield. Defendant owns nineteen of the mobile homes in the

 Deerfield Mobile Home Park in his individual capacity. The Lewises’ home on the

 1.721-acre parcel remained owned as tenants by the entirety.

¶6 Defendant purchased a 4.93-acre parcel while married to Mrs. Lewis,

 containing a single-family rental unit accessible only via a private dirt road at 4655
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 Carolina Beach Road in New Hanover County. This property is leased for $650 per

 month. Mrs. Lewis holds a marital interest in the property. Defendant could only

 convey his interest subject to Mrs. Lewis’ marital interest, without joinder of her

 signature. See N.C. Gen. Stat. § 39-9 (2019); Hughes v. Hughes, 102 N.C. 236, 102

 N.C. 262, 9 S.E. 437, 9 S.E. 437 (1889).

¶7 Defendant was diagnosed with terminal lung cancer in June 2018. Around

 August 2018 Defendant approached Plaintiff at a restaurant, disclosed his cancer

 diagnosis, and stated his desire to sell the 5.355-acre Deerfield parcel, the 1.721-acre

 parcel containing the personal residence, and the 4.93-acre parcel containing the

 single-family rental unit at 4655 Carolina Beach Road.

 B. Plaintiff’s involvement

¶8 Plaintiff is in the business of buying and developing real property. He is not a

 licensed real estate broker. Defendant desired to retain a life estate in the 1.721-acre

 parcel containing the personal residence along with a transition period for Mrs. Lewis

 to continue to live there after his death. Defendant told Plaintiff he wanted a

 combined sum of $1,500,000 for the three properties.

¶9 Plaintiff proposed a sale of the three properties to Robert Huckabee. Plaintiff

 had arranged previous real estate transactions with Huckabee, and he knew

 Huckabee had owned at least one other mobile home park. Plaintiff “was going to

 represent [Defendant’s] interests” negotiating with Huckabee. Plaintiff never
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 represented himself to be a real estate broker. Defendant acknowledges he had no

 special relationship with Plaintiff. Plaintiff was to receive a $10,000 consulting fee

 for negotiating the deal with Huckabee.

¶ 10 Plaintiff encouraged Defendant to obtain formal appraisals of the three

 properties prior to selling, but Defendant declined to procure appraisals because he

 “knew what [he] paid for it, and [he] kn[ew] what [he] want[ed] to sell it for.”

 Defendant believed based upon Plaintiff’s “judgment and experience” in selling real

 estate the “market . . . would bring his asking price.”

¶ 11 Defendant described Plaintiff’s role as follows:

 I trusted [Plaintiff] to be looking out for my best interests,
 as he had said he was doing, and I trusted that he was
 using his greater knowledge about real estate to make sure
 I got true market value. [Plaintiff] said he was my
 consultant on selling the properties to [Huckabee] for the
 best price I could get.

¶ 12 Huckabee informed Plaintiff he was interested in purchasing the three

 properties. The men conducted a site visit of Deerfield Mobile Home Park. Plaintiff

 informed Defendant of Huckabee’s interest in the three properties. Plaintiff

 negotiated terms of the sale during subsequent visits with Defendant. Defendant

 agreed to a lump sum price of $1,060,000 to sell all three properties.

¶ 13 Defendant prepared a one-page document memorializing their agreement to

 the transaction entitled “Agreement to Sell Properties.” On 6 October 2018,
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 Defendant and Plaintiff both signed the one-page document. The “Agreement to Sell

 Properties” included the 5.355-acre parcel containing the Deerfield Mobile Home

 Park, the 1.721-acre parcel containing the Lewises’ personal residence, and the 4.93-

 acre parcel containing the single-family rental unit at 4655 Carolina Beach Road.

 The “Agreement to Sell Properties” provided for payment of Plaintiff’s $10,000

 consulting fee, monthly rental of the Lewises’ residence after closing, and a transition

 time for Mrs. Lewis following Defendant’s death.

 C. Amendments to Agreement

¶ 14 Huckabee did not believe the “Agreement to Sell Properties” was binding on

 the parties. He had an agent draft a “legitimate real estate agreement.” Huckabee

 also informed Plaintiff he did not want to purchase the 4.93-acre parcel containing

 the single-family rental unit on Carolina Beach Road in New Hanover County.

 Huckabee requested Plaintiff to ask Defendant to separate the purchase prices of the

 properties in the “Agreement to Sell Properties.” Defendant agreed to list separate

 purchase prices of the properties in a 17 October 2018 document, wherein

 handwritten prices were affixed to each property listed on the “Agreement to Sell

 Properties.” The 17 October 2018 document priced the 5.355-acre parcel containing

 the Deerfield Mobile Home Park and the 1.721-acre parcel containing the personal

 residence at $750,000, and priced the 4.93-acre parcel containing the single-family

 rental unit at 4655 Carolina Beach Road at $300,000.
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

¶ 15 Plaintiff and Huckabee stopped communicating about the transaction.

 Plaintiff believed Huckabee did not want to complete the transaction due to an

 unrelated dispute between the two men. Huckabee believed Plaintiff had informed

 him Defendant’s daughter “wanted to stop this transaction. She had another real

 estate [broker] involved and another buyer[.]”

¶ 16 Huckabee maintained in his deposition he continued to have interest in the

 properties and would be able to purchase all three properties in October 2018. After

 Plaintiff informed Huckabee that Defendant was no longer interested in selling to

 him, Huckabee heard nothing more about the transaction until being subpoenaed for

 a deposition.

¶ 17 Plaintiff informed Defendant that Huckabee had stopped responding and

 asserted Huckabee was no longer interested in purchasing the properties. Defendant

 responded by reiterating his need to sell the properties as quickly as possible.

 Defendant asked Plaintiff “how fast [could he] get him some big money.” When

 Plaintiff asked what amount constituted “big money,” Defendant responded

 “$500,000 or more.”

¶ 18 Plaintiff told Defendant he would require seller financing to purchase the

 properties. Defendant told Plaintiff he would consider some seller financing.

 Plaintiff responded he would also confer with other lenders about financing the

 purchase. Plaintiff also asked for a year’s extension to pay the full amount. A short
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 time later, Defendant informed Plaintiff he was not interested in seller financing and

 inquired if Plaintiff could pay the full amount in a shorter time due to his terminal

 prognosis. Defendant provided financial information and tax returns from Deerfield

 for lenders to review.

 D. Hoosier Daddy, LLC

¶ 19 Plaintiff contacted Jack J. Carlisle to determine whether he was interested in

 purchasing the three properties. Carlisle informed Plaintiff he was willing to

 purchase the 4.93-acre parcel containing the single-family rental unit at 4655

 Carolina Beach Road and would finance Plaintiff’s purchase of the 5.355-acre parcel

 containing the Deerfield Mobile Home Park and the 1.721-acre parcel containing the

 personal residence. Carlisle gave Plaintiff a check from a limited liability company,

 Hoosier Daddy, LLC for $800,000. The check required the signatures of Plaintiff,

 Defendant, and an attorney to be negotiated.

¶ 20 Plaintiff met with Defendant on 24 October 2018. Plaintiff offered to purchase

 all three properties for $800,000 and handed Defendant the check from Hoosier

 Daddy. Plaintiff had written on a copy of the 17 October 2018 document, during the

 meeting as values for the properties: $400,000 for 5.355-acre parcel containing the

 Deerfield Mobile Home Park, $250,000 for the 1.721-acre parcel containing the

 personal residence, and $250,000 for the 4.93-acre parcel containing the single-family

 rental unit at 4655 Carolina Beach Road, totaling $900,000. Beneath the values,
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 Plaintiff wrote “Will accept 5% less/purchase price $850,000.” Defendant and

 Plaintiff both signed the bottom of this document. Plaintiff believed this document

 gave him the option to buy all three properties or just some of them at the listed price

 or 5% less.

¶ 21 Plaintiff returned on 7 November 2018 with a proposed contract. Plaintiff told

 Defendant he could not obtain more than the $800,000 check from Hoosier Daddy.

 Defendant told Plaintiff “we can’t do business. You’re . . . trying to squeeze me too

 much. We can’t do business.”

 E. Listing with a Broker

¶ 22 Defendant hired a licensed real estate broker to list the 5.355-acre parcel

 containing the Deerfield Mobile Home Park and the 1.721-acre parcel containing the

 personal residence for sale. This broker presented an offer from another prospective

 buyer.

¶ 23 Defendant wanted to sell the 1.721-acre parcel containing the marital

 residence together with the Deerfield Mobile Home Park. Defendant believed the

 combined sale of the properties would provide the best value for his residence,

 another buyer of the house alone would not pay as much to be in front of a mobile

 home park, and the 1.721 acres provided expansion room for the new owner of the

 Deerfield Mobile Home Park. Defendant reiterated to Plaintiff they would not be

 closing on the sale of any properties.
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 F. Litigation

¶ 24 Plaintiff filed a complaint on 17 January 2019, asserting breach of contract

 against Defendants. Plaintiff docketed a notice of Lis Pendens with the complaint in

 Pender County Superior Court concerning the 5.355-acre parcel containing the

 Deerfield Mobile Home Park and the 1.721-acre parcel containing the Lewises’

 personal residence.

¶ 25 Plaintiff also filed a complaint on 17 January 2019 asserting breach of contract

 concerning the 4.93-acre parcel containing the single-family rental unit at 4655

 Carolina Beach Road in New Hanover County Superior Court. The action in New

 Hanover County Superior Court is being held in abeyance pending resolution of this

 case.

¶ 26 Defendants filed counterclaims asserting constructive fraud, undue influence,

 and duress, and sought recission of the contract. Both Plaintiff and Defendants filed

 motions for summary judgment. The trial court entered an order granting

 Defendants’ motion for summary judgment on Plaintiff’s claims and granting

 Plaintiff’s motion for summary judgment on Defendant’s counterclaims on 13

 November 2019. Plaintiff appeals. Defendants cross-appeal.

 II. Jurisdiction

¶ 27 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2019).

 III. Issues
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

¶ 28 Plaintiff argues the trial court erred by granting Defendants’ motion for

 summary judgment and by denying his motion for summary judgment and for specific

 performance of the contract.

¶ 29 Defendants argue the trial court erred by granting Plaintiff’s motion for

 summary judgment on the counterclaims. Defendants further argue the trial court

 abused its discretion and erred by denying their proposed amendments to the

 counterclaims.

 IV. Cross Motions for Summary Judgment

 A. Standard of Review

¶ 30 North Carolina Rule of Civil Procedure 56(c) entitles a movant to obtain

 summary judgment upon demonstrating “the pleadings, depositions, answers to

 interrogatories, and admissions on file, together with the affidavits” shows there is

 “no genuine issue as to any material fact” and the movant is “entitled to a judgment

 as a matter of law.” N.C. Gen. Stat. § 1A-1, Rule 56(c) (2019).

¶ 31 A genuine issue of material fact is one supported by evidence that would

 “persuade a reasonable mind to accept a conclusion.” Liberty Mut. Ins. Co. v.

 Pennington, 356 N.C. 571, 579, 573 S.E.2d 118, 124 (2002) (citation omitted). “An

 issue is material if the facts alleged would . . . affect the result of the action.” Koontz

 v. City of Winston-Salem, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972).

¶ 32 “The party moving for summary judgment bears the burden of establishing
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 that there is no triable issue of material fact.” DeWitt v. Eveready Battery Co., 355

 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (citation omitted). A party may meet this

 burden “by proving that an essential element of the opposing party’s claim is

 nonexistent, or by showing through discovery that the opposing party cannot produce

 evidence to support an essential element of his claim or cannot surmount an

 affirmative defense which would bar the claim.” Id. (citation and internal quotation

 marks omitted).

¶ 33 When the court reviews the evidence at summary judgment, “[a]ll inferences

 of fact from the proofs offered at the hearing must be drawn against the movant and

 in favor of the party opposing the motion.” Boudreau v. Baughman, 322 N.C. 331,

 343, 368 S.E.2d 849, 858 (1988) (citation omitted). On appeal, “[t]he standard of

 review for summary judgment is de novo.” Forbis v. Neal, 361 N.C. 519, 524, 649

 S.E.2d 382, 385 (2007) (citation omitted).

 B. Plaintiff’s Appeal: Defendant’s Motion for Summary Judgment

 1. Validity of Contract

¶ 34 Plaintiff argues the trial court erred by granting Defendants’ motion for

 summary judgment. He asserts the parties formed a severable contract that complies

 with the statute of frauds and the 24 October 2018 document is sufficient to satisfy

 the statute of frauds. N.C. Gen. Stat. § 22-2 provides:

 All contracts to sell or convey any lands, tenements or
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 hereditaments, or any interest in or concerning them, . . .
 shall be void unless said contract, or some memorandum or
 note thereof, be put in writing and signed by the party to
 be charged therewith, or by some other person by him
 thereto lawfully authorized.

 N.C. Gen. Stat. § 22-2 (2019).

¶ 35 Plaintiff concedes Defendant, as a tenant by the entirety, could not convey the

 1.721-acre parcel containing the personal residence without joinder of his wife.

 Plaintiff asserts 24 October 2018 document is severable from the 4.93-acre parcel

 containing the single-family rental unit at 4655 Carolina Beach Road, which forms

 the New Hanover County case, and for sale of the 5.355-acre parcel containing the

 Deerfield Mobile Home Park.

¶ 36 “The well-settled elements of a valid contract are offer, acceptance,

 consideration, and mutuality of assent to the contract’s essential terms.” Se.

 Caissons, LLC v. Choate Constr. Co., 247 N.C. App. 104, 110, 784 S.E.2d 650, 654

 (2016) (citation omitted). “A contract is simply a promise supported by consideration,

 which arises . . . when the terms of an offer are accepted by the party to whom it is

 extended.” McLamb v. T.P., Inc., 173 N.C. App. 586, 588, 619 S.E.2d 577, 580 (2005)

 (citation omitted). “Generally, a party seeking to enforce a contract has the burden

 of proving the essential elements of a valid contract.” Orthodontic Ctrs. Of Am., Inc.

 v. Hanachi, 151 N.C. App. 133, 135, 564 S.E.2d 573, 575 (2002) (citation omitted).

¶ 37 “The heart of a contract is the intention of the parties, which is ascertained by
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 the subject matter of the contract, the language used, the purpose sought, and the

 situation of the parties at the time.” Pike v. Wachovia Bank & Trust Co., 274 N.C. 1,

 11, 161 S.E.2d 453, 462 (1968) (citations omitted).

¶ 38 “One of the most fundamental principles of contract interpretation is that

 ambiguities are to be construed against the party who prepared the writing.” Chavis

 v. S. Life Ins. Co., 318 N.C. 259, 262, 347 S.E.2d 425, 427 (1986).

¶ 39 One hundred and thirty years ago, our Supreme Court examined the

 severability of a contract with unenforceable provisions, holding:

 A contract is entire, and not severable, when by its terms,
 nature and purpose it contemplates and intends that each
 and all of its parts, material provisions, and the
 consideration, are common each to the other and
 interdependent. Such a contract possesses essential
 oneness in all material respects. The consideration of it is
 entire on both sides. Hence, where there is a contract to pay
 a gross sum of money for a certain definite consideration,
 it is entire, and not severable or apportionable in law or
 equity. Thus, where a particular thing is sold for a definite
 price, the contract is an entirety, and the purchaser will be
 liable for the entire sum agreed to be paid. And so, also,
 when two or more things are sold together for a gross sum,
 the contract is not severable. The seller is bound to deliver
 the whole of the things sold, and the buyer to pay the whole
 price, in the absence of fraud.

 ...

 “[A] severable contract is one in its nature and purpose
 susceptible of division and apportionment, having two or
 more parts, in respect to matters and things contemplated
 and embraced by it, not necessarily dependent upon each
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 other, nor is it intended by the parties that they shall be.

 Wooten v. Walters, 110 N.C. 251, 254-55, 14 S.E. 734, 735 (1892).

¶ 40 Plaintiff argues the 24 October 2018 amended agreement constituted a valid

 and severable contract to convey. This document listed and assigned separate prices

 to each of the three properties. The document is signed by Defendant and Plaintiff.

 Defendants argue the 24 October 2018 agreement does not constitute a valid contract.

¶ 41 “The essence of any contract is the mutual assent of both parties to the terms

 of the agreement so as to establish a meeting of the minds.” Snyder v. Freeman, 300

 N.C 204, 218, 266 S.E.2d 593, 602 (1980). Our Supreme Court has held: “For an

 agreement to constitute a valid contract, the parties’ minds must meet as to all the

 terms. If any portion of the proposed terms is not settled, or no mode agreed on by

 which they may be settled, there is no agreement.” Chappell v. Roth, 353 N.C. 690,

 692, 548 S.E.2d 499, 500 (2001) (citations and internal quotation marks omitted).

 2. Unilateral Option Agreement

¶ 42 “[A]n option is a contract by which the owner agrees to give another the

 exclusive right to buy property at a fixed price within a specified time. In effect, an

 owner of property agrees to hold his offer [to sell] open for a specified period of time.”

 Normile v. Miller, 313 N.C. 98, 105, 326 S.E.2d 11, 16 (1985) (emphasis supplied)

 (citations and internal quotation marks omitted).

 a. Specified Date
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

¶ 43 The writing must contain an express “promise or agreement that [the offer will]

 remain open for a specified period of time” for an option contract to be valid. Id. An

 option contract does not exist if “there is no language indicating that [the seller] in

 any way agreed to sell or convey [their] real property to [a prospective buyer] at their

 request within a specified period of time.” Id. at 106, 326 S.E.2d at 16 (emphasis

 supplied).

¶ 44 The 24 October 2018 agreement contains no provisions requiring Defendants

 to convey the listed properties by a specific date. Nothing required Plaintiff to

 actually purchase any single or combination of the three properties. Nothing shows

 the 24 October 2018 document represented anything more than a revocable offer to

 sell that Defendants could revoke at any period of time prior to acceptance according

 to its terms.

 b. Consideration

¶ 45 “[An] option contract must also be supported by valuable consideration.” Id. at

 105, 326 S.E.2d at 16. The 24 October 2018 agreement along with Plaintiff’s

 pleadings, depositions, and affidavits do not provide for any consideration. The

 record is devoid of language for any deposit, due diligence fee, or earnest money

 deposit paid by Plaintiff for Defendant to forebear selling his properties. No valid

 option contract existed to which Plaintiff could allege a breach thereof by Defendants.

¶ 46 Without a valid and enforceable option contract, no claim for breach of contract
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 arises. The trial court properly entered summary judgment for Defendants on

 Plaintiff’s breach of contract claims. Plaintiff’s arguments are overruled.

 C. Defendants’ Appeal: Plaintiff’s Motion for Summary Judgment

¶ 47 Defendants argue the trial court erred by granting Plaintiff’s motion for

 summary judgment and assert their claims of undue influence, duress, fraud, and for

 recission of the documents raise genuine issues of material fact to preclude summary

 judgment for Plaintiff. We have held no enforceable contract exists between the

 parties, Defendants counterclaims for undue influence, duress, and recission are

 therefore moot.

 1. Fraud

¶ 48 Fraud may be actual or constructive. Terry v. Terry, 302 N.C. 77, 82, 273

 S.E.2d 674, 677 (1981). Constructive fraud arises when a confidential or fiduciary

 relationship exists. Id. at 83, 273 S.E.2d at 677.

¶ 49 “Allegations of fraud are subject to more exacting pleading requirements than

 are generally demanded by our liberal rules of notice pleading.” Harrold v. Dowd,

 149 N.C. App. 777, 782, 561 S.E.2d 914, 918 (2002) (citations and internal quotation

 marks omitted). Rule 9(b) of the North Carolina Rules of Civil Procedure require that

 “[i]n all averments of fraud, . . . the circumstances constituting fraud . . . shall be

 stated with particularity.” N.C. Gen. Stat. § 1A-1, Rule 9(b) (2019).
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

¶ 50 Our Supreme Court has held Rule 9(b)’s particularity requirement for a fraud

 claim “is met by alleging time, place and content of the fraudulent representation,

 identity of the person making the representation and what was obtained as a result

 of the fraudulent acts or representations.” Terry, 302 N.C. at 85, 273 S.E.2d at 678.

¶ 51 “[A] fiduciary relationship is generally described as arising when there has

 been a special confidence reposed in one who in equity and good conscience is bound

 to act in good faith and with due regard to the interests of the one reposing

 confidence.” Dallaire v. Bank of Am. N.A., 367 N.C. 363, 367, 760 S.E.2d 263, 266

 (2014) (citation and internal quotation marks omitted).

¶ 52 Allegations of fraud are rarely resolved at the pleading or summary judgment

 stage, because resolution of the cause requires the determination of a litigant’s state

 of mind. Whitman v. Forbes, 55 N.C. App. 706, 713, 286 S.E.2d 889, 893 (1982)

 (citations omitted).

¶ 53 “In the event that a party fails to allege any special circumstances that could

 establish a fiduciary relationship, dismissal of a claim which hinges upon the

 existence of such a relationship would be appropriate.” Azure Dolphin, LLC. v.

 Barton, 371 N.C. 579, 599, 821 S.E.2d 711, 725 (2018) (citations and internal

 quotation marks omitted).

¶ 54 Defendants have not alleged Plaintiff held himself out to be a real estate broker

 or in any confidential relationship with Defendants. Defendants allege Plaintiff was
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 an advisor, consultant, and deal maker due to his superior knowledge and experience

 regarding real property values and transactions. Defendants further allege the

 existence of a de jure fiduciary relationship. Defendants did not assert this argument

 before the trial court and have waived it for appellate review. See N.C. R. App. P. 10.

¶ 55 In Azure Dolphin, the plaintiff argued a party acting as a real estate

 investment expert and advisor created a fiduciary relationship. Azure Dolphin, 371

 N.C. at 601, 821 S.E.2d at 726. Our Supreme Court disagreed and held the

 allegations did not create a fiduciary relationship between the parties. Id. at 601-02,

 821 S.E.2d at 726-27. Here, Defendants have not shown how their purported reliance

 on Plaintiff created a “confidence reposed on one side, and the resulting superiority

 and influence on the other, necessary to show the existence of a fiduciary relationship

 as a matter of fact.” Id. at 601-02, 821 S.E.2d at 726-27. Defendant initiated the

 negotiations by soliciting Plaintiff’s involvement and averred Plaintiff was

 “negotiating for” Huckabee. The trial court did not err in granting summary

 judgment for Plaintiff on Defendants’ claims for constructive fraud and for breach of

 a fiduciary duty. Defendants’ arguments are overruled.

 V. Defendants’ Appeal: Motion to Amend

¶ 56 Defendants further argue the trial court abused its discretion and erred by

 denying their motion to amend their counterclaims. Defendants sought to amend

 their counterclaims and file new claims for actual fraud, slander to title, malicious
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 prosecution, and tortious interference with contract. These allegations are based

 upon a premise of actual fraud.

 A. Standard of Review

¶ 57 “Reasons justifying denial of an amendment are (a) undue delay, (b) bad faith,

 (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects

 by previous amendments.” Martin v. Hare, 78 N.C. App. 358, 361, 337 S.E.2d 632,

 634 (1985). Once the pleadings are joined “[a] motion to amend is addressed to the

 discretion of the court, and its decision thereon is not subject to review except in case

 of manifest abuse.” Calloway v. Ford Motor Co., 281 N.C. 496, 501, 189 S.E.2d 484,

 488 (1972); see N.C. Gen. Stat. § 1A-1, Rule 15 (2019).

 B. Analysis

¶ 58 The trial court denied Defendants’ motion to amend their pleadings because

 such amendment would be futile. “To successfully assert an allegation of actual

 fraud, the plaintiff must plead five elements: (1) false representation or concealment

 of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive,

 (4) which does in fact deceive, (5) resulting in damage to the injured party.” Head v.

 Gould Killian CPA Grp., P.A., 371 N.C. 2, 9, 812 S.E.2d 831, 837 (2018) (citations and

 internal quotation marks omitted).

¶ 59 “[A]ny reliance on the allegedly false representations must be reasonable.” Id.

 (citations omitted). Rule 9 of our Rules of Civil Procedure place an increased burden
 MURRAY V. DEERFIELD MOBILE HOME PARK, LLC

 2021-NCCOA-213

 Opinion of the Court

 on the pleader requiring “the circumstances constituting fraud . . . shall be stated

 with particularity.” N.C. Gen. Stat. § 1A-1, Rule 9(b). Defendants failed to assert a

 sufficient allegation and showing in their pleadings, depositions, and affidavits of any

 reasonable reliance upon false representations by Plaintiff to constitute actual fraud

 to overcome Plaintiff’s motion for summary judgment. Defendants failed to show any

 abuse of discretion in the trial court’s denial of Defendants’ motion to amend their

 pleadings, where such amendment would be futile. Defendants’ arguments are

 overruled.

 VI. Conclusion

¶ 60 Viewed in the light most favorable to Plaintiff and Defendants on their

 respective motions for summary judgment and giving both parties the benefit of any

 disputed inferences of their respective claims, the trial court properly entered

 summary judgment on all claims. The trial court did not err, much less abuse its

 discretion, in denying Defendants’ motions to amend their counterclaims. The trial

 court’s order is affirmed. It is so ordered.

 AFFIRMED.

 Judges COLLINS and CARPENTER concur.